Dear Mayor Thornton:
Your request for an Attorney General's opinion has been forwarded to me for research and reply.
Specifically, you ask:
 1) Does the term "police personnel" as referred to in La. R.S. 33:423 include part-time non-civil service officers and auxiliary officers?
 2) What is the procedure for appointing these officers?
The answers to both questions are found in La. R.S. 33:362(A) (3) and 33:423 which are as follows in pertinent part:
 § 362 Exercise of municipal powers; legislative, executive
 A.(3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.
 § 423 Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3.
With regard to your first question, this office has repeatedly opined that all employees of the police department, including part-time and auxiliary officers, are included in the term "police personnel." Attached is Louisiana Attorney General Opinion No. 93-386 which deals with the administrative authority over the auxiliary police force and states, "This office has repeatedly recognized that in a Lawrason Act municipality, the elected chief of police has supervisory power and authority over police department personnel."
Your second question asks for the procedures for appointing officers. According to La. R.S. 33:362(A) the board of aldermen, "shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." This provision is supplemented by La. R.S. 33:423 which states, "In those municipalities . . ., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, . . . ." Therefore, the board of aldermen may create police personnel positions by ordinance, but the filling of the positions is done after recommendation by the chief of police and approval of the mayor and the board of aldermen.
We trust this sufficiently answers your questions. However, if you should need further information, do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI/FJP/sc